## SUPREME COURT.

AUSTIN SHERMAN agt. WILLIAM C. CONNER, sheriff of the city and county of New York.

*Service of a summons on a sheriff — sufficiency of.*

The service of a summons upon a sheriff, in an action against him, must be made personally upon the sheriff.

The service of a summons upon the sheriff by delivering a copy thereof to the under sheriff, in the office of the sheriff, the sheriff at the time being absent therefrom, in pursuance of the Revised Statutes providing that every notice or other paper which shall be required to be served on any sheriff, may be served by leaving the same at the office designated by him in his notice filed in the county clerk's office, during office hours, is not a sufficient service of such summons.

Even if these provisions of the Revised Statutes could be construed to embrace the service of notices or papers by which an action might be commenced against the sheriff, they are repealed by the Code, sections 468, 127 and 134.

*Special Term, November 3, 1875.*

*O. P. Buel,* for plaintiff.

*Vanderpoel, Green & Cumming,* for defendant.

VAN VORST, J. — The only method of commencing civil actions in the courts of record of this state is by the service of a summons (*Code, sec.* 127). The method of service is provided for in section 134. The present case comes under the fourth subdivision of the section, and service of the summons could only be made so as to commence the action by the delivery of a copy thereof to the defendant, personally,

unless the fact that the defendant was the sheriff of the city and county of New York, and was prosecuted for the escape from the liberties of the jail of a party held by him under execution, justified a service other than personal.

The service of the summons in this case was not made upon the defendant in person, but a copy thereof was delivered to John E. Cumming, the under sheriff of the defendant, at the office of the sheriff, the defendant himself being absent therefrom. In default of an answer, on the nineteenth. of July last, a judgment was entered against the defendant for the sum of $755.32.

The defendant makes an oath that no summons in the action was ever served upon him, and that the first intimation he had of the action and the judgment was from his attorneys on the fifth day of August, after the judgment was rendered. The service on the under sheriff, instead of the defendant in person, is claimed by the plaintiff to be justified under the provisions of the Revised Statutes (2 *Revised Statutes, page* 285, *secs.* 55, 56 ; *see Edmonds' Statutes at Large, vol.* 2, *page* 296). The fifty-fifth section provides, that it shall be the duty of the sheriff of every county to keep an office in some proper place in the city or village in which the county courts are held, of which he shall file a notice in the office of the county clerk. Section 56 provides, that every notice or other paper which shall be required to be served on any sheriff may be served by leaving the same at the office designated by him in such notice, during the hours for which the office is required to be kept open. But if there be any person belonging to such office therein, such notice or paper shall be delivered to such person, and every such service shall be deemed equivalent to a personal service on such sheriff.

It appears in the case that the sheriff, on the 12th day of January, 1874, filed in the office of the county clerk, a notice specifying that the office of the sheriff of the county of New York is located in the basement of the new court-house in

Sherman agt. Conner.

the city hall park, and that the service was made at the sheriff's office.

The provisions of the Revised Statutes above are taken from article 2, of chapter 3, and are embraced under the head, " Of the powers and duties of certain judicial officers."

I am of the opinion that a summons in an action against the sheriff is not a " notice or other paper," which may be served upon him by leaving the same at his office, or otherwise than by delivering the same to him personally.

The provisions of the Code referred to relate to the manner of bringing actions, and should be held to include a suit against the sheriff for any act or omission in office, by which he has incurred a personal liability. The papers and notices which may be served upon the sheriff by leaving the same at his office with his clerk or deputy, refer to the large class of papers and notices which are required by law to be served on the sheriff, as such, by virtue of his office, and which do not concern him personally, as an action for an escape certainly does.

These are statutory notices respecting elections, precepts for the summoning of jurors, notices and orders to return executions, notices concerning the redemption of real estate, papers on the surrender of bail, notices in respect to the non-acceptance of bail, and other official notices and papers, in respect to which it is the duty of the sheriff to provide official care and attention, and might well be left at his office with the same effect as if left with himself.

Even if the provisions of the Revised Statutes above referred to could be construed to embrace the service of notices or papers by which an action might be commenced against the sheriff, as to such method of service, the same is repealed by section 468 of the Code, and the other sections above referred to, the latter of which establish the manner in which actions may be commenced.

The judgment should be set aside, with costs.